Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard, First Floor
Mineola, NY 11501
Telephone:   516.741.4977
Facsimile:    516.741.0626
esmith@brodskysmith.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRACEY GILLESPIE,<br><br>            Plaintiff,<br><br>v.<br><br>APOLLO ENDOSURGERY, INC., JOHN BARR, JEANNETTE BANKES, WILLIAM D. MCCLELLAN, JR., R. KENT MCGAUGHY, JR., CHAS MCKHANN, SHARON O'KEEFE, DAVID C. PACITTI, and JULIE SHIMER, PH.D.,<br><br>            Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14(a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Tracey Gillespie, by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to his, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1.  Plaintiff brings this stockholder action against Apollo Endosurgery, Inc. ("Apollo" or the "Company"), Apollo's Board of Directors (the "Board" or the "Individual Defendants,"

collectively with Apollo and the Board, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of efforts to merge the Company with Boston Scientific Corporation, ("Parent"), and Textile Merger Sub, Inc. ("Merger Sub" and collectively with Parent, "Boston Scientific"), and to enjoin an upcoming stockholder vote on an all-cash transaction (the "Proposed Transaction").

2.      The terms of the Proposed Transaction were memorialized in a November 29, 2022 filing with the United States Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, Apollo shareholders will receive $10.00 in cash for each share of Apollo they own.

3.      Thereafter, on December 30, 2022, Apollo filed a Preliminary Proxy Statement on Schedule 14A (the "Preliminary Proxy Statement") with the SEC in support of the Proposed Transaction.

4.      The Proposed Transaction is unfair for a number of reasons. Significantly, the Preliminary Proxy Statement describes an insufficient process with only one goal in mind – to merge the Company with Boston Scientific.

5.      Next, it appears as though the Board has entered into the Proposed Transaction to procure for itself and senior management of the Company significant and immediate benefits with no thought to Plaintiff as a public stockholder. For instance, pursuant to the terms of the Merger Agreement, upon the consummation of the Proposed Transaction, Company Board Members and executive officers will be able to exchange all Company equity awards for the merger consideration.

6. In violation of the Exchange Act, Defendants caused to be filed the materially deficient Preliminary Proxy Statement on December 30, 2022 with the SEC in an effort to solicit stockholders, including Plaintiff, to vote their Apollo shares in favor of the Proposed Transaction. The Preliminary Proxy Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.

7. As detailed below, the Preliminary Proxy Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Apollo and Boston Scientific, provided by Apollo to the Company's financial advisor Piper Sandler & Co. ("Piper Sandler"); and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinions created by Piper Sandler and provided to the Company and the Board.

8. Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff.

**PARTIES**

9. Plaintiff is a citizen of Texas and, at all times relevant hereto, has been an Apollo shareholder.

10. Defendant Apollo is a Delaware corporation whose principal executive office is located at 1120 S. Capital of Texas Highway, Austin, TX. Apollo's common stock is publicly traded on Nasdaq Stock Exchange under the symbol "APEN."

11. Defendant John Barr has served as director of the Company at all relevant times. In addition, he serves as the Chairman of the Board of Directors.

12. Defendant Jeannette Bankes has served as director of the Company at all relevant times.

13. Defendant William D. McClellan Jr. has served as director of the Company at all relevant times.

14. Defendant R. Kent McGaughy, Jr. has served as director of the Company at all relevant times.

15. Defendant Charles McKhann has served as director of the Company at all relevant times. In addition, McKhann is President and Chief Executive Officer ("CEO") of the Company.

16. Defendant Sharon O'Keefe has served as director of the Company at all relevant times.

17. Defendant David C. Pacitti has served as a director of the Company at all relevant times.

18. Defendant Julie Shimer, PhD. Has served as a director of the Company at all relevant times.

19. The Defendants named in paragraphs 11-18 are referred to herein as "Individual Defendants" or "Director Defendants."

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and Section 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

21. Personal jurisdiction exists over each defendant either because the defendants conduct business in or maintain operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the NASDAQ which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

*The Proposed Transaction*

23. Apollo is a medical technology company focused on development of next-generation, minimally invasive devices to advance therapeutic endoscopy designed to treat a variety of gastrointestinal conditions, including closure of gastrointestinal defects, managing gastrointestinal complications, and weight loss as a treatment of obesity.

24. On November 29, 2022, Apollo issued a press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **AUSTIN, TX / ACCESSWIRE / November 29, 2022 /** Apollo Endosurgery, Inc. ("Apollo") (NASDAQ:APEN), a leading minimally invasive medical device company for gastrointestinal and bariatric procedures, announced today it has entered into a definitive merger agreement to be acquired by Boston Scientific Corporation ("Boston Scientific"), a global medical technology leader, in an all-cash transaction with an enterprise value of approximately $615 million.[1] This transaction has been unanimously approved by the Apollo Board of Directors.
>
> The acquisition price of $10.00 per share represents an approximate 67% premium to the closing price of Apollo's common stock on November 28, 2022 and the

volume weighted average closing price of Apollo's common stock in the three months prior to announcement of the transaction.

The transaction is subject to the satisfaction of customary closing conditions, including approval by a majority of Apollo's stockholders and applicable regulatory approval, and is expected to close in the first half of 2023. Certain stockholders representing 8.4% of Apollo's outstanding shares of common stock have agreed to vote their shares in favor of the transaction.

Upon the completion of the transaction, Apollo will become a wholly-owned subsidiary of Boston Scientific.

***Potential Conflicts of Interest***

25. The breakdown of the benefits of the deal indicates that Apollo insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders such as Plaintiff. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of Apollo.

26. Thus, while the Proposed Transaction is not in the best interests of Apollo, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

***The Materially Misleading and/or Incomplete Preliminary Proxy Statement***

27. On December 30, 2022, the Apollo Board caused to be filed with the SEC a materially misleading and incomplete Preliminary Proxy Statement, that in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*<u>Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction</u>*

28. Specifically, the Preliminary Proxy Statement fails to disclose material information

concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Preliminary Proxy Statement fails to disclose:

a. Whether the terms of any confidentiality agreements entered during the sales process between Apollo on the one hand, and any other third party (including Boston Scientific), if any, on the other hand, differed from one another, and if so, in what way;

b. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties (including Boston Scientific) throughout the sales process, if any, would fall away; and

c. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning Apollo's Financial Projections*

29. The Preliminary Proxy Statement fails to provide material information concerning financial projections for Apollo provided by Apollo management and relied upon by Piper Sandler in its analyses. The Preliminary Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading.

30. Notably, in connection with its fairness opinion rendered to the Company Board regarding the Proposed Transaction, Piper Sandler notes that it reviewed, internal data regarding the Company's operations and financial outlook.

31. The Preliminary Proxy Statement, therefore, should have, but fails to provide, certain information in the projections that Apollo management provided to the Board and Piper Sandler. Courts have uniformly stated that "projections … are probably among the most highly-

prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

32. With regard to *Certain Apollo Unaudited Financial Forecasts*, the Preliminary Proxy Statement fails to disclose material line items for all projection metrics:

    a. With respect to the Company Projections, the Preliminary Proxy Statement fails to disclose:

        i. EBIT,

        ii. Unlevered Free Cash Flow.

33. The Preliminary Proxy Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

34. This information is necessary to provide Plaintiff in his capacity as a Company stockholder a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

35. Without accurate projection data presented in the Preliminary Proxy Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of Piper Sandler's financial analyses, or make an informed decision whether to vote his shares in favor of the Proposed Transaction. As such, the Board is in violation of the Exchange Act by failing to include such information in the Preliminary Proxy Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Piper Sandler*

36. In the Preliminary Proxy Statement, Piper Sandler describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

37. With respect to the *Selected Public Company Analysis*, the Preliminary Proxy Statement fails to disclose the financial metrics and multiples for each company utilized by Piper Sandler.

38. With respect to the *Precedent Transaction Analysis*, the Preliminary Proxy Statement fails to disclose the financial metrics for each transaction utilized by Piper Sadler.

39. With respect to the *Discounted Cash Flow Analysis*, the Preliminary Proxy Statement fails to disclose: (i) the inputs and assumptions underlying the use of the range discount rates of 11.8% to 12.8%; (ii) the inputs and assumptions for the perpetuity growth rates ranging from 4.0% to 5.0%; (iii) the number of fully diluted outstanding shares of Apollo as of November 25, 2022; (iv) the projected terminal value for Apollo; and (v) the estimated future NOLs available.

40. With respect to the *Premiums Paid Analysis*, the Preliminary Proxy Statement fails to disclose the transactions selected and the percentage premia paid.

41. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote his shares in favor of the Proposed Transaction.

42. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value

and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Apollo stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Preliminary Proxy Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

39. Plaintiff repeats all previous allegations as if set forth in full herein

40. Defendants have disseminated the Information Statement in favor of the Proposed Transaction.

41. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title.

42. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or

oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

43. The Information Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Information Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

44. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

45. The Individual Defendants were at least negligent in filing an Information Statement that was materially misleading and/or omitted material facts necessary to make the Information Statement not misleading.

46. The misrepresentations and omissions in the Information Statement are material to Plaintiff and the Class, and at present fail to provide complete information if such misrepresentations and omissions are not corrected.

## SECOND COUNT

### Violations of Section 20(a) of the Exchange Act

### (Against All Defendants)

47. Plaintiff repeats all previous allegations as if set forth in full herein.

48. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Information Statement was materially misleading to Company stockholders.

49. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Information Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Information Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Information Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

50. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Apollo's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from the Company's stockholders and that the Information Statement was misleading.

As a result, the Individual Defendants are responsible for the accuracy of the Information Statement and are therefore responsible and liable for the misrepresentations contained herein.

51. The Individual Defendants acted as controlling persons of Apollo within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Apollo to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Apollo and all of its employees. As alleged above, Apollo is a primary violator of Section 14 of the Exchange Act and SEC Rule Information Statement. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor, and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Preliminary Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: January 9, 2023               **BRODSKY & SMITH**

By: _/s/ Evan J. Smith_
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*